**Arturo Burgos VEGA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–1447CC.**

United States District Court,
D. Puerto Rico.

March 27, 1984.

Mayra J. Serrano-Borges, Bayamón, P.R., for plaintiff.

Daniel F. Lopez-Romo, U.S. Atty. by Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

REMAND ORDER

CEREZO, District Judge.

 This is an action brought pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. Sec. 405(g), to obtain judicial review of the determination by the Secretary of Health and Human Services which terminated plaintiff's entitlement to disability insurance benefits. Plaintiff is a forty-seven year old male who had been under a disability for purposes of the Act since September 4, 1973. On March 8, 1982 the Social Security Administration determined that his disability had ceased as of January 1982. Upon reconsideration the administration found that his disability had ceased as of February 1982. Claimant requested a hearing which was held on December 13, 1982 before an administrative law judge. After considering the medical evidence presented and plaintiff's testimony the administrative law judge concluded that his impairments precluded him from doing his past relevant work as carpenter helper and farm maintenance worker and limited him to jobs of a sedentary nature. Applying Rule 201.17, Table 1 of Appendix 2, Subpart P, of the Social Security Administration Regulations, he concluded that plaintiff was disabled within the meaning of the Act.

The Appeals Council reversed this decision. Although rejecting plaintiff's allegations of pain,[1] it also concluded that he could not perform past relevant work and was limited to sedentary work. It applied a different rule, however, which mandated a finding of "not disabled." The Appeals Council found that plaintiff had a "marginal" education, as defined in the Social Security Administration Regulations, and that Rule 201.18 through 201.20 were applicable.

Section 404.1564(b)(2) of the Social Security Administration Regulations, 20 CFR 404.1564(b)(2) (1983), defines "marginal education" as the "ability in reasoning arithmetic and language skills which are needed to do simple, unskilled types of jobs." It is generally considered that formal schooling at a sixth grade level or less is marginal education. According to this regulation, the numerical grade level reached in school may not represent a claimant's actual abilities when computed many years before the impairment. Furthermore, English is considered an educational factor and "[b]ecause English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language." 20 CFR Sec. 404.1564(b)(5) (1983).

Rule 201.17, Table 1, Appendix 2, Subpart P of the Regulations mandates a finding of disability for individuals forty-five to forty-nine years of age, who are unskilled or have no transferable skills and who are either illiterate or unable to communicate in English, who are limited to sedentary work as a result of a severe impairment. See also Section 201.00(c) and (h). The administrative law judge found that the latter Rule was applicable to plaintiff since he did not know any English and had no transferable skills. The Appeals Council, however, found that the issue of transferability of past work skills was irrelevant in light of his age and residual functional capacities. It apparently did not consider claimant's inability to communicate in English as a relevant factor.

 We understand that in Puerto Rico this requirement might present problems in applying the Medical-Vocational Guidelines. This is so because the Guidelines are prepared from studies made of the existence of jobs throughout the country and, as stated before, English is the dominant language. In Puerto Rico, however, the primary language is Spanish and English is not required in many job situations. This notwithstanding, it may be that for an individual limited to sedentary work English is a relevant factor even in Puerto Rico and the availability of jobs might be significantly reduced for persons unable to understand the English language. In such

---

1. It should be noted that the administrative law judge observed plaintiff was suffering from pain, although this did not preclude engaging in sedentary work.

cases, the Secretary should seek the assistance of a vocational expert instead of simply overlooking the fact that a claimant does not know English and applying the next best rule. In this case, the Appeals Council decision adopted by the Secretary is not supported by substantial evidence on the record.

Accordingly, this action is REMANDED to the Secretary for consideration of a vocational expert's opinion as to the existence of sedentary jobs in Puerto Rico which plaintiff can perform in accordance with his age, education, past work experience and, considering also his inability to understand English.

SO ORDERED.